O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA JENNIFER HAWS,<br><br>　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>　　Defendant. | Case No. CV 13-9299 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Teresa Jennifer Haws ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") failed to consider recent medical treatment in rejecting her treating physician's opinion and her own testimony. (Joint Stip. at 4, 13-14.) The Court agrees with Plaintiff for the reasons stated below.

　　A.　<u>The ALJ Failed to Consider Treatment Records in Rejecting Plaintiff's Treating Physician's Opinion and Plaintiff's Testimony</u>

As a general rule, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate

reasons for doing so that are based on substantial evidence in the record." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotation marks omitted). Similarly, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).

     Here, Plaintiff's treating physician, Dr. Logan Bundy, opined in March 2012 that Plaintiff had a highly restrictive residual functional capacity ("RFC"). (Administrative Record ("AR") at 25, 654-57.) In summarizing the relevant medical evidence, the ALJ noted that Dr. Bundy had treated Plaintiff in 2010, but found "no evidence of the [Plaintiff] receiving any treatment during 2011." (*Id.* at 26.) Thereafter, the ALJ rejected Dr. Bundy's opinion because it was rendered "two years after . . . [Plaintiff] received any regular medical treatment" and was thus unsupported by contemporaneous medical evidence. (*Id.* at 26-27.)

     Contrary to the ALJ's findings, however, Plaintiff was treated in 2011 on a nearly weekly basis by another treating physician, Dr. Barry Cogen. (AR at 638-51). Dr. Cogen noted that Plaintiff had complained of pain since her October 2009 discectomy, and although she occasionally had a "good week" and showed improvement, she later experienced increased back pain that further limited her activity. (*Id.* at 638-41, 643-44, 651.)

     As such, the ALJ erred in overlooking Plaintiff's 2011 treatment, which was more contemporaneous than most other medical evidence considered by the ALJ, and which tended to support Dr. Bundy's opinion. Because Dr. Bundy's opinion effectively precluded all work for Plaintiff, it is not clear on this record whether that error was harmless. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

     Similarly, the ALJ also erred in discounting Plaintiff's testimony due to the perceived gap in treatment. (AR at 27); *see Burrell v. Colvin*, 775 F.3d 1133, 1139 (9th Cir. 2014). Moreover, the ALJ faulted Plaintiff for failing to participate in physical therapy, but at least one of the 2011 treatment records reveals that Plaintiff

stopped physical therapy because she could not afford it.[1/] (*See id.* at 646); *see also, e.g., Garrison v. Colvin*, 759 F.3d 995, 1015 n.19 (9th Cir. 2014) (noting that claimant's symptom testimony could not be rejected for discontinuation of physical therapy where claimant provided a good reason, such as financial limitations). Accordingly, and especially in light of the need to reassess Dr. Bundy's opinion, the ALJ shall also reassess Plaintiff's credibility. *See Smith v. Astrue*, 2010 WL 2696476, at *13 (W.D. Wash. June 4, 2010) (ALJ should reconsider plaintiff's credibility where it may be implicated by reassessment of physician's opinion).

### B. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id.* at 594.

Here, in light of the ALJ's error, Dr. Bundy's opinion and Plaintiff's credibility must be reassessed. Therefore, on remand, the ALJ shall (1) reevaluate Dr. Bundy's opinion and either credit it as true, or provide valid reasons for any rejected portion, and (2) reevaluate Plaintiff's credibility and either credit it as true, or provide clear and convincing reasons for rejecting it.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this

---

[1/] This reasoning is corroborated by Plaintiff's administrative hearing testimony that she was laid off in 2010. (AR at 39.)

decision.[2]

Dated: March 19, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*

---

[2] In light of the Court's remand instructions, it need not address Plaintiff's remaining contentions. (*See* Joint Stip. at 2.)

4